Harold **HARSTAD,** Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

Vernita G. **HARSTAD,** Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**Nos. 23762, 23763.**

United States Court of Appeals,
Ninth Circuit.

March 26, 1971.

Raymond J. Conboy (argued), of Pozzi, Wilson & Atchison, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiffs-appellants.

Carl Eardley (argued), William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander and Robert E. Kopp, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Richard C. Helgeson, Victor E. Harr, Asst. U. S. Attys., Portland, Or., for defendant-appellee.

Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM:

Appeals by plaintiffs, Harold Harstad and wife, from adverse judgments in their separate suits against the United States, brought under the Tort Claims Act, to recover judgment for damages sustained as a result of an accident involving Harold and a train of the government owned and operated Alaska Railroad.

Harold was a paying passenger on the train; his legs were severed by its wheels when he alighted from one of the coaches at an unscheduled stop and stepped between two of the coaches to relieve himself just as, or immediately before, the train started up.

Plaintiffs' theory of the case was negligence, it being their contention that defendant, knowing Harold was too intoxicated to protect himself from the dangers incident to the trip, failed to exercise due care for his personal safety. At the trial, the principal controversy centered upon the degree of Harold's intoxication. The evidence on the subject ranged from "dead drunk" to "cold sober." But the district judge, sitting in his statutory capacity as fact-finder, was persuaded and found that, although Harold "was to some extent under the influence of alcohol, plaintiff has not established by a preponderance of the credible evidence that he was intoxicated to the point of helplessness or irresponsibility." The judge further found that "Plaintiff's accident and resulting injuries were not proximately caused by negligence, gross negligence, recklessness or wanton misconduct of defendant."

The findings are supported by substantial evidence and we are not convinced, from our review of the entire record, that they are "clearly erroneous." [1]

Affirmed.

[1]. Since we approve the district judge's resolution of the fundamental issue against plaintiffs, we do not reach their remaining points concerning his further findings on contributory negligence and last clear chance.